# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# COVINGTON DIVISION
# CIVIL ACTION NO. 11-121-WOB

**PURE FISHING, INC.**                                                  **PLAINTIFF**

**v.**

**SHIMANO AMERICAN CORP., et al.,**                   **DEFENDANTS**

## REPORT AND RECOMMENDATION

Pending is a motion to quash subpoenas filed by BBS Tech, Inc., Berry Braiding, Inc., and Fins, LLC (collectively "BBS"). Doc. 1. That motion has been referred to the undersigned magistrate judge for initial consideration, pursuant to 28 U.S.C. §636(b). Doc. 7. For the following reasons, I recommend that the motion be denied as moot and this case dismissed.

**I. Background**

In August 2010, Pure Fishing, Inc. filed a patent infringement action against Shimano American Corp. and Innovative Textiles, Inc. (collectively "Shimano") in the United States District Court for the District of South Carolina. Case No. 3:10-2139-CMC. Shimano counterclaimed, arguing that Pure Fishing's patent is invalid. The South Carolina litigation apparently is a dispute over competing methods for producing fishing line.

In May 2011, Shimano served subpoenas duces tecum upon BBS, who are non-parties to the South Carolina litigation, at the headquarters of BBS Tech in Erlanger, Kentucky. Those subpoenas were issued from this Court, but bear the case information from the South Carolina litigation. The subpoenas seek documents relating to the manufacturing process for fishing lines prior to May 1998.[1]

---

[1] Confusingly, the subpoenas seek the information for dates "prior to: a) October 4, 1996; and b) May 12, 1998." *See* Doc. 1-1.

**II. Analysis**

BBS contends that the subpoenas are overly broad and seek trade secrets. After the issuance of an order setting a briefing schedule, BBS filed an affidavit of Stacy Cole, an associate with the firm which represents BBS. Cole's affidavit provides that counsel for Shimano has informed Cole that the subpoenas were withdrawn and Shimano would not be filing a response to the motion to quash. Attached as an exhibit to Cole's affidavit is an email to Cole from Elizabeth Culley, counsel for Shimano, dated June 16, 2011, providing that "Shimano and ITI withdraw the subpoenas served on your clients BBS Tech, Inc., Berry Braiding, Inc. and Fins, LLC." Doc. 19-1, p. 4. As the subpoenas have been withdrawn, the motion to quash should be denied as moot. Moreover, as the only issue involved in this action is whether the subpoenas should be quashed, the withdrawal of the subpoenas means that there is no longer a matter in controversy. Accordingly, this action should be dismissed.

**III. Conclusion**

Accordingly, **IT IS RECOMMENDED:**

1. The motion to quash [Doc. 1] should be **denied as moot**; and

2. This case should be dismissed upon the adoption of this report and recommendation.

A courtesy copy of this report and recommendation should be mailed to United States District Judge Cameron McGowan Currie, presiding over *Pure Fishing, Inc. v. Shimano American Corp., et al.,* Case No. 3:10-CV-02139-CMC, United States District Court for the District of South Carolina, Columbia Division.

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within ten (14) days of the date of service of the same or further appeal is waived. *United States*

2

*v. Walters*, 638 F.2d 947 (6th Cir. 1981), *Thomas v. Arn*, 474 U.S. 140 (1985). Poorly drafted objections, general objections or objections that require a judge's interpretation should be afforded no effect and are insufficient to preserve the right of appeal. *See Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991). A party may file a response to another party's objections within ten (10) days after being served with a copy thereof. Rule 72(b), Fed. R. Civ. P.

This the 27th day of June, 2011.

Signed By:
J. Gregory Wehrman
United States Magistrate Judge